IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA MARIE SISTO,                )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )   Civil Action No. 10-245-J
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
        Defendant.                )

O R D E R

AND NOW, this 12th day of March, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act (the "Act"). Plaintiff's arguments are lacking woefully in merit. She argues that "the 'brittle' nature of her diabetes and the demonstrated inability to adequately control same [sic] approximates [Listing 9.08]" and that the ALJ erred in finding that her diabetes mellitus was not of listing severity. Plaintiff's Brief in Support of Summary Judgment (Doc. No. 16). The Court disagrees. First, the record does not contain a diagnosis of "brittle diabetes," (aka "unstable diabetes") which is a term used to describe "dramatic and recurrent swings in glucose levels" and is a condition that is rare among diabetics, "occur[ing] no more frequently than in 1% to 2% of persons with type 1 diabetes." WIKIPEDIA.COM, http://en.wikipedia.org/wiki/Diabetes_mellitus (last visited March 12, 2012). While the record does show that Plaintiff did have some issues controlling her glucose levels, nothing in the record suggests, and no physician has opined, that the swings in her glucose levels are so frequent and uncontrollable that she can be said to have "brittle diabetes."

Second, Plaintiff fails to explain how the relevant medical evidence in the record satisfies the specific criteria set forth in Listing 9.08 and a review of the record does not provide the answer. The entire substance of her argument is comprised of three short sentences where she asserts that her condition met/equaled the listing because of her numerous falls, foot infections, and hospitalizations. (Doc. No. 16 at 6). In addition to being unpersuasive, this argument merely recites evidence already considered and found not to be demonstrative by the ALJ in terms of showing that her condition met or equaled a listing.

Third, in finding that Plaintiff's impairments did not satisfy Step Three, the ALJ reasoned that "the medical evidence does not contain the objective signs, symptoms or findings, or the degree of functional limitations, necessary for the claimant's impairments, considered singly or in combination, to meet or equal the severity of [Listing 9.08]." (R. 14). He explained that he had "considered the opinions from the state agency medical consultants who evaluated the issue at the administrative review process and reached the same conclusion" as well as the fact that "no treating or examining medical source has stated [that] the claimant has an impairment that meets or equals the criteria of any listed impairment." (Id. at 14-15). He also acknowledged Plaintiff's diagnosis of moderate diabetic retinopathy and considered her treating ophthalmologist's July 2009 report which indicated that she had "visual acuity of 20/20 OD and 20/30+ OS," and that

2

"her anterior segment was grossly okay." (Id. at 17). The Court notes that visual acuity of 20/30 is considered "mild vision loss, or near normal vision." WIKIPEDIA.COM, http://en.wikipedia.org/wiki/Low_vision (last visited March 12, 2012).

Moreover, in his discussion, the ALJ explained that Plaintiff still engaged in significant activities of daily living ("ADL") and found that her ADLs were "inconsistent with an individual who has experienced debilitating symptoms." (R. 17). He outlined the host of activities in which she still was able to engage and the Court agrees that her ADLs indeed were indicative of an ability to work. (Id.). The Court finds that the ALJ properly summarized the relevant evidence in the record, gave appropriate weight to the medical opinions contained therein, and "explained his findings in sufficient detail to allow us to conduct 'meaningful judicial review.'" Melvin v. Comm'r of Soc. Sec., 226 Fed. Appx. 126, 129 (3d Cir. 2007) (quoting Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119 (3d Cir. 2000)). The Court also finds that his conclusion that Plaintiff's diabetes mellitus did not meet or equal Listing 9.08 is supported by substantial record evidence.

Additionally, the Court notes that Plaintiff appended four new exhibits (Exhibits A, B, C, and D) to her brief in an apparent request that the Court consider the attached documents in its review. This is improper, as these exhibits were not considered by the ALJ in issuing his November 2, 2009 opinion. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). Accordingly, the Court cannot rely on these documents in making its determination here.

Notwithstanding the fact that Plaintiff did not ask for a remand based on new evidence, the Court does note that a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Therefore, to remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Sec'y of Health & Human Serv., 745 F.2d 831, 833 (3d Cir. 1984). As noted above, Plaintiff did not specifically request a remand based on new evidence, but even if she had, the Court would deny the request because she has failed to meet her burden of demonstrating that the exhibits contain

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 15) is DENIED and defendant's Motion for Summary Judgment (document No. 17) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf: Counsel of record

---

new and material evidence for which good cause exists for not having previously incorporated them into the administrative record. Plaintiff does not articulate how the information contained in the new exhibits specifically demonstrates that her condition meets or equals Listing 9.08 and the Court fails to see how the listing criteria is satisfied through this additional information. The new exhibits do not provide support for the finding that she suffered "significant and persistent disorganization of motor function in two extremities [that] result[ed] in sustained disturbance of gross and dexterous movements, or gait and station . . . ." 20 C.F.R. pt. 404, subpt. P, Appx. 1 § 9.08(a). As such, the Court finds that a remand based on new evidence is unwarranted.

4